# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ALEIGHCIA SHEPARD,

    Plaintiff,

v.

TRANS UNION, LLC, et al.,

    Defendants.

Case No. 17-cv-11745
Hon. Matthew F. Leitman

_____

## AGREED MUTUAL PROTECTIVE ORDER
_____

    Plaintiff, Defendant Experian Information Solutions, Inc. and Defendant Merchants & Medical Credit Corporation, Inc. hereby stipulate and agree to the following Protective Order.

## BACKGROUND

    A.    Documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology and other proprietary information belonging to the Defendants and/or personal income, credit and other confidential information of Plaintiff.

B.	The parties desire to enter into a mutual agreement regarding the confidentiality of this information and governing the production and use of this information.

NOW THEREFORE, this matter having come before the Court and the Court, being first duly advised, now finds and orders as follows:

1.	**<u>Right to Designate Information as "Confidential"</u>.**  Counsel for any party (or for a nonparty witness or deponent which shall be included in the term "Designating Party") may designate as "Confidential" any document, testimony or other discovery material that contains confidential commercial or financial information or trade secret information to which they in good faith believe access should be limited to litigation counsel presently of record for the parties, or subsequently substituted.

2.	**<u>Definition of "Confidential" Information</u>.**  The term "Confidential" means information so designated by a Designating Party in writing (or orally if recorded as part of a deposition or court record), whether revealed during a deposition, in a document, in an interrogatory answer, by production of tangible evidence or otherwise.

3.	**<u>Definition of Designated Information</u>.**  Any information that is designated as "Confidential" is Designated Information.

4. **Identification of Designated Information.** Counsel for the Designating Party shall inform the other counsel which materials are considered "Confidential" Information designated as "Confidential" shall be identified "Confidential," or the like, by a code upon which all parties agree. Such words or code shall be placed on or affixed to each document and page thereof which contains Designated Information, and in the case of an interrogatory answer, the specific portion of such answer which contains Designated Information. When information not initially designated as "Confidential" is so designated later in writing, each party shall make a reasonable effort to retrieve documents containing the later-Designated Information and otherwise ensure that persons to whom the Designated Information has been disclosed will treat it as "Confidential." However, no sanctions shall be imposed upon a party for any disclosure of the later - Designated Information made prior to the party's receiving written notification of the later designation of the information as confidential.

5. **Protection of Designated Information.** Designated Information and any notes, summaries, memoranda, exhibits or other documents which include or describe Designated Information shall be retained by counsel for the Recipient Party, and, except as required by law, governmental agency or court order and except as provided herein, shall not be disclosed to any person (except those persons described in paragraphs 6 through 7 of this Order) or used by counsel for

any party or by any party other than in connection with this action (the "Litigation"). Persons to whom access to Designated Information is given pursuant to this Order shall keep such information and any copies, abstracts, or summaries thereof secure in accordance with the purposes and intent of this Order and shall adopt and employ all suitable precautions to cure continued confidentiality, non-use and nondisclosure including, without limitation, such precautions as precautions against copying and provision for safekeeping.

6. **Counsel's and Others' Access to Designated Information.** Except as provided in paragraph 7 below, the persons or entities entitled to have access to Designated Information produced by another person shall be restricted to (a) the Court and its employees and any reporter transcribing testimony at any hearing, trial, deposition or other formal proceeding in the Litigation including but not limited to any appeal therefrom; and (b) the counsel and client for any party who are charged with the responsibility for, or are actively engaged in, preparation for trial or the trial of the Litigation and employees of such counsel who are assisting counsel in connection with the Litigation.

7. **Disclosure of Designated Information to Outside Experts.** Counsel for a Recipient Party may disclose any "Confidential" Information to an outside expert who is to assist that counsel in preparation for the trial in the litigation, or who is expected to testify at the trial in the litigation. The outside expert shall read

a copy of this Order and sign the attached Agreement before receiving Designated Information.

8. **Limitation on Copying.** No copies, summaries, or abstracts of Designated Information shall be made by a party or its counsel for distribution or use by persons other than those described in paragraphs 6 through 7.

9. **Depositions.** Any deposition or portion thereof during which "Confidential" Information is being disclosed shall be taken in camera without any persons in attendance other than the witnesses and those persons described in paragraphs 6 through 7.

10. **Time for Designation of Deposition Designated Information.** At the time of the deposition if possible, but not later than 30 days after receipt of the deposition transcript, counsel shall designate those portions of the deposition testimony which they deem "Confidential" Information. Counsel shall designate these portions of answers to interrogatories and responses to requests for admission that they deem confidential when the answers and responses are served.

11. **Dispute as to Confidentiality.** Any party may contest the designation of any information as "Confidential." A failure to challenge a claim of Designated Information shall not constitute agreement that such claim is valid and shall not prejudice any party or person. If any party disagrees with any designation of any information as "Confidential" they shall notify counsel for the Designating

Party, and they shall attempt to resolve the dispute. If the dispute is not so resolved, the party contesting the designation shall place the dispute before the Court, demonstrating the designation incorrect, and the information shall continue to be kept Confidential unless and until the Court rules otherwise.

12. **<u>Subjects Not Covered.</u>**

a. Each party reserves the right to oppose on any grounds disclosure of any Designated Information to persons not designated in paragraphs 6 through 7. Nothing herein shall affect in any way the admissibility or inadmissibility of any document, testimony or other evidence at trial. Nothing herein shall constitute a waiver of any applicable privilege or limit in any way a party's use of its own Designated Information.

b. Subject to the exceptions stated in paragraph 6 and the preceding section of this paragraph, this Order shall preclude a party from opposing production of any information or documents on the ground that it is or contains Designated Information, but this order shall not limit a party's right to oppose discovery on any other ground.

13. **<u>Voluntary Waiver.</u>** At any time after any information is designated "Confidential," the Designating Party may agree that the Designated Information may be disclosed to specified persons, and the Designating Party may waive to any extent the protections of this Order. Any such agreement or waiver must be in

writing or by statement made on the record at a deposition.

14. **<u>Retained Jurisdiction.</u>** The Court retains jurisdiction to make such amendments, modifications and additions to this Order as the Court may from time to time deem appropriate. The Court shall further retain jurisdiction to resolve any disputes concerning the disposition of materials containing Designated Information at the termination of this action.

15. **<u>Amendment.</u>** This Order may be amended by the written agreement of counsel for the parties in the form of a stipulation that shall be approved by the Court.

16. **<u>Disposition of Designated Information.</u>** Within 60 days after termination of the Litigation, counsel shall destroy or return all Designated Information and copies (including excerpts and summaries of any materials provided to experts pursuant to paragraph 8) to counsel for the producing party or entity.

17. **<u>Notice.</u>** If any party is served with a subpoena or other notice compelling the disclosure of Designated Information, that party shall give written notice to the Designating Party, as far in advance of the requested production date as is reasonably possible, so that the Designating Party shall have an opportunity to object to the disclosure.

18. **Non-Parties.** The terms of this Order shall apply to information produced by nonparties for use in the Litigation.

19. **Survival.** The terms of this Order shall survive the termination of the Litigation.

20. **Inadvertent Production.** The inadvertent production of any document or information during discovery in the Litigation shall be without prejudice to any claim that such material is privileged under the attorney-client or other privilege, or protected from discovery as work product. No party or entity shall be held to have waived any rights by such inadvertent production so long as the Recipient Party is notified within 30 days of the discovery of such inadvertent production. Upon written request by the inadvertently producing party, the Recipient Party shall (even if the Recipient Party disagrees that the document is privileged) return all copies of the document and not use the information in the document for any purpose until further order of the Court.

21. **Motion must be filed prior to filing documents under seal** - This order does not authorize the filing of any documents or other matter under seal. Documents or other matter may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to include Designated Information in a filing with the court must either (1) file and serve a motion pursuant to Local Rule 5.3 seeking to file the Designated Information under seal, or (2) provide at least 10

business days' notice to the Designating Party of the intent to file the Designated Information in the court record so that the Designating Party has the opportunity to move the court to file the Designated Information under seal. A party shall not file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section. A party seeking to file such items under seal shall file and serve a motion that sets forth (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that means other than sealing are not available or unsatisfactory to preserve the interest advanced by the movant in support of sealing; (v) a memorandum of legal authority supporting sealing. See Local Rule 5.3.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: September 27, 2017

AGREED TO:

| | |
|---|---|
| **/s/ Carl Schwartz (by consent)** | **/s/ Tamara E. Fraser** |
| Carl Schwartz (P70335) | Tamara E. Fraser (P51997) |
| Attorney for Plaintiff | Attorney for Defendant Experian |
| (248) 353-2882 | Information Solutions, Inc. |
| carl@micreditlawyer.com | (248) 642-0333 |
| | tefraser@wwrplaw.com |

**/s/ Charity A. Olson (by consent)**
Charity A. Olson (P68295)
Attorney for Merchants & Medical
Credit Corporation, Inc.
(734) 222-5179
charity.olson@brockandscott.com

# AGREEMENT CONCERNING MATERIAL COVERED BY A PROTECTIVE ORDER ENTERED IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

I, the undersigned, hereby acknowledge that I have read the attached Protective Order entered in the United States District Court for the Eastern District of Michigan Court in Case No. 2:17-cv-11745 pending therein, and understand the terms thereof and agree to be bound by all such terms. Without limiting the generality of the foregoing, I agree not to disclose to any person or entity not authorized to receive "Confidential" Designated Information under the terms of said Protective Order, any document or information designated as or constituting "Confidential" or any other copies or extracts of information derived therefrom, which have been disclosed to me. I further agree to use any "Confidential" information disclosed to me solely for the purpose of the action and for no other purpose.

I hereby submit myself to the jurisdiction of the aforementioned Court for the purpose of enforcing said Protective Order.

Date: _____  Signature: _____

_____
Type or Print Name